IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30317
Summary Calendar

_____

JAMES E. SOLER,

Petitioner-Appellant,

versus

KELLY WARD, Warden,
Wade Correctional Center,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-2440-H)
--------------------
November 21, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant James E. Soler, a Louisiana inmate, appeals the denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus. Soler contends that his trial counsel rendered ineffective assistance. In his habeas application, Soler advanced nine grounds for his ineffective assistance claim and also argued that counsel's cumulative errors were prejudicial. Although the district court issued a broad certificate of appealability, on appeal Soler argues only that he received ineffective assistance by virtue of counsel's (1) failure to conduct a reasonable

_____
[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

investigation before making strategic decisions, (2) failure to object to "other crimes" testimony, and (3) alleged cumulative errors, including counsel's failure to object to testimony as to the ultimate issue in the case and his handling of the closing argument. Soler has waived the remaining claims raised in his application by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a).

We disagree with Soler's contention that the state appellate court failed to reach the merits of his claim as it pertains to counsel's pre-trial investigation or failure to continue his objection to "other crimes" evidence. Therefore the state court's adjudication of these issues is entitled to deference under 28 U.S.C. § 2254(d). After a thorough examination of the trial record and the record of the state evidentiary hearing, we are persuaded that the state court's adjudication of these issues was not contrary to or an unreasonable application of clearly established federal law. Neither can we say that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d)(1),(2).

There is a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 690 (1984). Such decisions are "virtually unchallengeable." Id. at 691. Strategic choices made after less than complete investigation are reasonable only to

2

the extent that reasonable professional judgments support the limitations on investigation. Id. at 690. Counsel's decision to base his defense on the proposition that the victim was consciously lying to gain love and attention was the considered and reasonable judgment of counsel. Therefore, counsel's decisions not to investigate exhaustively the reports of prior abuse of the victim, which in his view would have engendered the jury's sympathy, or to develop other theories inconsistent with his chosen strategy, were reasonable. As for counsel's failure to object to testimony regarding alleged "other crimes" evidence, we note that the state appellate court held that the testimony did not constitute prohibited "other crimes" evidence and that counsel's failure to object was not deficient performance and did not constitute ineffective assistance of counsel. See State v. Soler, 636 So. 2d 1069, 1078 (La. App. 5th Cir. 1994). As the failure to raise a meritless objection is not ineffective assistance, see Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994), we conclude that the state court did not unreasonably apply clearly established federal law in denying the requested relief.

The state appellate court also concluded that Dr. Clarence Haydel's opinion testimony as to the truthfulness of the abuse allegations was not inadmissible, and Soler fails to show that the testimony would have been excluded had his attorney lodged a timely objection. Counsel's closing argument was not constitutionally defective merely because he failed to mention a statement made by the victim's mother. Neither was counsel's summation an

3

ineffective presentation of the defense's theory of the case. "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Strickland, 466 U.S. at 692. As for counsel's failure to object to Dr. Haydel's hearsay testimony regarding the victim's reports of abuse, we agree with the conclusions of the state appellate court and the federal district court that counsel's performance was not deficient: His failure to object was consistent with his trial strategy.

Finally, we need not decide whether the state court adjudicated the issue of alleged cumulative error on the merits because Soler has not shown that counsel committed any cognizable error whatsoever. In essence, there were no errors to cumulate. See Westley v. Johnson, 83 F.3d 714, 726 (5th Cir. 1996) ("[m]eritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised").

As Soler has not shown entitlement to relief, the decision of the district court is

AFFIRMED.